*The administration of the Goods of* DANIEL C. SHILTON.

IMPROVIDENCE and want of understanding, in order to disqualify for administration, must amount to a lack of intelligence, and are not to be presumed from a simple lack of information upon legal subjects or business matters. A creditor, in such a case, must look to the sureties.

THE SURROGATE. This is an application for letters *de bonis non*, by the eldest son of the intestate. Letters were first issued to one Sims, general guardian of the infant next of kin. Sims was removed as guardian, on application of the present petitioner, who soon after became of age, and thereupon applied for letters to himself. He is opposed by creditors of his father, on allegations of incapacity, by reason of improvidence and want of understanding. The objections are not sustained.

The statute does not authorize a Surrogate to refuse letters on the ground of favor or affection, prejudice or animosity. So far from this, the administration is given in the line of the family, where favor and interest might naturally incline against strangers.

It does not allow a denial of the grant because of immoral habits, or offenses of moral turpitude. The sole grounds of exclusion are minority, conviction of infamous offense and incompetency.

Incompetency is of three kinds. It arises from drunkenness, improvidence, or want of understanding. The first is not alleged here.

Improvidence is alleged, and the applicant's testimony quoted to prove it. The personal property of the estate consists largely of claims against one Simpson, and it is urged that the friendship of the petitioner for Simpson

is such, that these claims would, in his hands, be seriously compromised or lost. The answer to this is, that the petitioner appears to be of sound mind, and the natural pressure of his own interest, will ensure his taking measures to ascertain and collect all claims. His brothers and sisters will require this. His sureties will urge him to this; will demand it of him, for their own sakes. It is in the sufficiency of the sureties, more than in the disposition of the administrator, that the safety of a creditor lies. And upon the final accounting, the Surrogate will assuredly hold both the principal and his sureties to respond for every act and neglect whereby loss may accrue to the estate, and the more strictly as there are minors interested.

"Want of understanding," is a phrase, the meaning of which has been settled and ascertained. It does not refer, as the objector claims, to a want of understanding of the law; and the fact that the petitioner, on his examination, believed it to be among the duties of an administrator "to look after the real estate" and "collect the rents," is simply evidence of misinformation or want of information, quite different from that lack of intelligence which the law provides against. The law does not intend to limit the right of administration to the educated and accomplished, nor to exclude the humble and less informed classes. "Want of understanding," is by no means a want of understanding of the legal duties of an administrator. Advice on that subject can be supplied by his lawyer, after appointment, and is not requisite before.

I have only to repeat that the creditor must look to the sureties, since the law gives this administration to the petitioner, and I have no right to withhold it from him.